FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

MAR 30 2011

GREGORY C. LANGHAM
CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-03136-ZLW

LORI L. PARK,

    Plaintiff,

v.

TD AMERITRADE TRUST COMPANY, INC.,
TD AMERITRADE ONLINE HOLDINGS CORP.,
TD AMERITRADE HOLDING CORPORATION,
THE TORONTO-DOMINION BANK,
JOSEPH H. MOGLIA, and
J. THOMAS BRADLEY, JR.,

    Defendants.

## ORDER DENYING MOTION FOR RECONSIDERATION

Plaintiff, Lori L. Park, has filed *pro se* on March 25, 2011, a "Motion for Reconsideration and/or Alternative Relief from Order/Judgment" (Doc. No. 13). Ms. Park asks the Court, in part, to reconsider and vacate the Order of Dismissal and the Judgment entered in this action on March 17, 2011. The Court must construe the motion for reconsideration liberally because Ms. Park is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). For the reasons discussed below, the motion for reconsideration will be denied.

A litigant subject to an adverse judgment, and who seeks reconsideration by the district court of that adverse judgment, may "file either a motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e) or a motion seeking relief from the judgment pursuant to Fed. R. Civ. P. 60(b)." *Van Skiver v. United States*, 952 F.2d 1241, 1243

(10th Cir. 1991). A motion to alter or amend the judgment must be filed within twenty-eight days after the judgment is entered. *See* Fed. R. Civ. P. 59(e). The Court will consider Ms. Park's motion to reconsider pursuant to Rule 59(e) because the motion was filed within twenty-eight days after the Judgment was entered in this action. *See Van Skiver*, 952 F.2d at 1243 (stating that motion to reconsider filed within ten-day limit for filing a Rule 59(e) motion under prior version of that rule should be construed as a Rule 59(e) motion).

The three major grounds that justify reconsideration are: (1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or prevent manifest injustice. *See Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000). However, a Rule 59(e) motion is not a new opportunity to revisit issues already addressed or to advance arguments that could have been raised previously. *See id.*

The Court dismissed the instant action without prejudice because it was duplicative of *Lori L. Park v. TD Ameritrade Trust Company, Inc.*, et al., Civil Action No. 10-cv-02599-PAB-KMT. The March 17 dismissal order provides further details concerning the reasons for the dismissal and cites supporting legal authority.

Ms. Park asks the Court to reinstate the amended Title VII Complaint in this action and to "consolidate" or "enjoin" it with the amended complaint filed in Civil Action No. 10-cv-02599-PAB-KMT. Plaintiff states that she intends to file a second amended complaint in Civil Action No. 10-cv-02599-PAB-KMT after she receives her final notice-of-right-to-sue letter from the Equal Employment Opportunity Commission (EEOC) on her fifth EEOC charge in early April 2011. Plaintiff represents that the defendants in

Civil Action No. 10-cv-02599-PAB-KMT have agreed to the proposed amendment. *See* Ex. 1 to Motion.

Ms. Park fails to demonstrate some reason why the Court should reconsider and vacate the order to dismiss this action. She has not shown an intervening change in the controlling law, the existence of new evidence, or a need to correct clear error to prevent manifest injustice. Indeed, a motion for reconsideration is an inappropriate vehicle for the relief Ms. Park seeks. Her remedy, as she appears to recognize, is to seek leave to amend her complaint in Civil Action No. 10-cv-02599-PAB-KMT.

The remainder of Plaintiff's motion for reconsideration asks the Court to extend scheduling deadlines and to deny the defendants' motion to dismiss in Civil Action No. 10-cv-02599-PAB-KMT pending her filing of a second amended complaint. Again, a motion for reconsideration is not the appropriate vehicle for those requests. Ms. Park must file a motion in Civil Action No. 10-cv-02599-PAB-KMT to obtain relief in that case. Accordingly, it is

ORDERED that the Motion for Reconsideration (Doc. No. 13) filed on March 25, 2011, is denied. It is

FURTHER ORDERED that the clerk of the Court file a copy of this Order in ***Park v. TD Ameritrade Trust Company, Inc., et al.***, Civil Action No. 10-cv-02599-PAB-KMT.

DATED at Denver, Colorado, this __30th__ day of ___March___, 2011.

BY THE COURT:

s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 10-cv-03136-BNB

Lori L. Park
1120 32nd Street - Unit 101
Denver, CO 80205

    I hereby certify that I have mailed a copy of the **ORDER** to the above-named individuals on March 30, 2011.

GREGORY C. LANGHAM, CLERK

By: _____
        Deputy Clerk